[Civ. No. 5266. First Appellate District, Division Two.—October 14, 1925.]

## FRANK A. BRACKLEY, Appellant, v. DAISEY MAY BRACKLEY, Respondent.

[1] HUSBAND AND WIFE—COMMUNITY PROPERTY—QUIETING TITLE—FINDING—EVIDENCE.—In this action by a husband to establish that real property standing of record in the name of the defendant wife is the joint property of the parties, it cannot be said that the finding of the trial court to the effect that the property is the separate property of the wife is not sustained by the evidence.

---

(1) 4 C. J., p. 884, n. 35; 30 C. J., p. 841, n. 67.

APPEAL from a judgment of the Superior Court of Los Angeles County. Victor R. McLucas, Judge. Affirmed.

The facts are stated in the opinion of the court.

John C. Miles for Appellant.

M. G. Ferrahian for Respondent.

STURTEVANT, J.—The appellant and respondent, husband and wife, shortly before this action was commenced separated and thereafter continued to live separate and apart. On the seventeenth day of August, 1921, the husband commenced the action and in the second amended complaint alleged that the plaintiff and the defendant are husband and wife; that the plaintiff and the defendant are the owners of certain real estate (describing two lots in the city of Hawthorne, county of Los Angeles); that said real estate stands of record in the name of the defendant but said property is the joint property of the plaintiff and the defendant; that the value of said real estate is $4,000; that the plaintiff is the owner of an undivided one-half interest therein and that the defendant claims to own the whole of said property and that the said property is her separate property. On the foregoing facts the plaintiff asked a decree establishing his title of record. The defendant filed an answer in which she denied any ownership rested in the

plaintiff and alleged that she was the sole owner and that on the twenty-fourth day of August, 1920, about two months prior to her marriage, that she bought the property from J. I. Yorke for the sum of $2,950 and paid down $1,750 and gave a mortgage back to said J. I. Yorke for the sum of $1,200, and that said mortgage was being paid in monthly installments of $35 or more. The case was tried before the judge of the trial court sitting without a jury. The trial court made findings in favor of the defendant and from a judgment entered thereon the plaintiff has appealed under section 953a, Code of Civil Procedure, claiming that the findings are not sustained by the evidence.

[1] On the trial of the case the defendant was called as a witness and testified that she was formerly the wife of Harry F. Squire residing at Joliet in the state of Illinois. Later Mr. Squire obtained a divorce. In the settlement of their affairs Mr. Squire paid to her in the year 1920 in July $250 and in August $250 and in the latter part of September $2,500. On the 24th of August, 1920, she paid as the first payment on the lots $250. Thereafter on the first day of October, 1920, she made another payment of $1,500, received her deed and executed a mortgage back to the former owner. She testified that all of the payments were made by her out of the moneys so received by her from Mr. Squire. Under her contract she agreed to make the deferred payments in the sum of $35 per month. The defendant further testified that thereafter she made the payments and that she had so paid $546, and that there remained due $654.

The plaintiff and the defendant intermarried on the fourth day of October, 1920. Thereafter the plaintiff was employed on a weekly salary of $39.50 or less. After the parties married the plaintiff worked on the premises making alterations and repairs and additions. The defendant testified that all bills for materials were paid by her out of the moneys which she had received from Mr. Squire. The labor done and performed by the plaintiff consisted of painting, calsomining, building a chicken-yard, laying a sidewalk, and other minor matters. There is no testimony in the record to the effect that the parties agreed that the services of the plaintiff were to be paid by the wife. The contention of the plaintiff is that he advanced to the defendant

74 Cal. App.—36

$200 to make the initial payment and that out of the proceeds of his time-checks the defendant made the deferred payments above mentioned. In this connection the plaintiff does not give testimony regarding any specific item except the $200 which he claimed went into the initial payment. In her testimony the defendant flatly contradicted all of the husband's statements regarding any payments being made by him, or out of moneys given to her by him, or out of moneys earned by him. In this condition of the record it cannot be said that the finding of the trial court was not sustained by the evidence, but on the other hand it must be frankly stated that the evidence preponderated in favor of the respondent.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.